1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AKERMAN LLP**
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

TAYLOR T. HAYWOOD (*Admitted Pro Hac Vice*)
Email: taylor.haywood@akerman.com
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile:  (303) 260-7714

*Attorney for defendant DolEx Dollar Express, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| NELSON SEQUEIRA, ORSAY ALEGRIA, and ISMAEL CORDERO, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; WESTERN UNION FINANCIAL SERVICES, INC., a Colorado corporation; CONTINENTAL EXCHANGE SOLUTIONS, INC., a Kansas corporation, d/b/a RIA FINANCIAL SERVICES and AFEX MONEY EXPRESS; VIAMERICAS CORPORATION, a Delaware corporation; and DOLEX DOLLAR EXPRESS, INC., a Texas corporation,<br><br>    Defendants. | Case No. 4:22-cv-07996-HSG<br>Assigned to the Hon. Haywood S. Gilliam, Jr.<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>Documents Filed Herewith</u><br>1.  Request for Judicial Notice<br>2.  [Proposed] Order<br><br><u>Hearing Date:</u><br>Date:      May 18, 2023<br>Time:      2:00 p.m.<br>Crtrm.:    2 - 4th Floor<br><br>Complaint Filed:    December 12, 2022<br>FAC Filed:            January 24, 2023<br>Trial Date:           None |

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** on May 18, 2023, or as soon thereafter as it may be heard, in

courtroom 2 of the above-entitled court, located at 1301 Clay Street, Oakland, California 94612,

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**
68839790;1

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   defendant DolEx Dollar Express, Inc. (**DolEx**) will, and hereby does, move to dismiss plaintiffs' first

2   amended complaint (**FAC**), doc. no. 38.

3           This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds

4   the FAC fails to state a claim upon which relief may be granted.  This motion is based on this notice

5   and motion, the following memorandum of points and authorities, DolEx's request for judicial notice

6   (**RJN**) and accompanying exhibits, and any additional matters as may be judicially noticed or may

7   come before the court prior to or at the hearing.

8           Dated: March 3, 2023.                    Respectfully submitted,

9                                                    **AKERMAN LLP**

10                                                   By: */s/ Taylor T. Haywood*
                                                         Parisa Jassim
11                                                       Taylor T. Haywood

12                                                   *Attorneys for defendant DolEx Dollar Express,*
                                                     *Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AKERMAN LLP**
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs bring individual and putative class claims against DolEx, several other money transfer businesses and two federal government agencies, all basing on the core allegation that the money transfer businesses improperly provided plaintiffs' and other "unsuspecting customers'" financial records to the federal government without consent.  According to plaintiffs, DolEx delivered "bulk [money transfer] transaction data" to the Transaction Records Analysis Center (**TRAC**), an entity created by the Arizona Financial Crimes Task Force that maintains a "centralized database of money transactions concentrated in the southwest border-states and Mexico," in response to formal records requests—authorized under Arizona state law—from the Arizona attorney general.  Plaintiffs claim by complying with the Arizona attorney general's records requests, DolEx violated the federal Right to Financial Privacy Act (**RFPA**), 12 U.S.C. § 3401 *et seq.*, and California's Unfair Competition Law (**UCL**), California Business & Professions Code § 17200.  The court should dismiss.

"The most salient feature of the [RFPA] is the narrow scope of the entitlements it creates." *Sec. and Exch. Comm'n v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984).  To maintain their RFPA claim, plaintiffs must plead facts showing (**1**) plaintiffs are DolEx's "customers;" (**2**) DolEx is a "financial institution;" (**3**) DolEx produced financial records; and (**4**) DolEx produced those records to a "Government authority."  The FAC does not satisfy a single element.

To qualify as "customers" under 12 U.S.C. § 3401(5), plaintiffs must allege they maintain or maintained an account at DolEx.  The FAC contains no such allegation, meriting dismissal.

Plaintiffs do not adequately allege DolEx is a "financial institution," either.  They describe DolEx as a money transfer business that exists to "enable people to send and receive money across borders" and "facilitate remittances," pleading themselves out of court.  Money transfer businesses are not "financial institutions" under the RFPA.  The argument DolEx is a "financial institution" under 12 U.S.C. § 3401(1) because it is a "consumer finance institution" is unavailing.  Statutory construction principles dictate a company must provide financing as a core part of its business to qualify.  Plaintiffs do not allege DolEx provides financing as a core part of its business.  Nor can they—DolEx does not provide financing.

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**
68839790;1

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiffs also fail to adequately plead DolEx produced "financial records" to a "Government authority." They merely allege DolEx provided "bulk [money transfer] transaction data" to TRAC, at the request of the Arizona attorney general. The data DolEx allegedly provided does not qualify as a "financial record" under the RFPA's narrow definition. And neither TRAC nor the Arizona attorney general are "Government authorit[ies]" under the RFPA.

The UCL claim fares no better. DolEx provided data to TRAC in response to records requests from the Arizona attorney general, authorized under Arizona state law, barring their claim. For these reasons and the additional reasons set forth below, the court should dismiss all claims against DolEx.

## II. RELEVANT FACTS

Plaintiffs are California residents who "regularly" used money transfer companies such as DolEx to send $500 or more to their family abroad. (FAC, ¶¶1-3, 53, 54.) Mr. Sequeira and Mr. Cordero allegedly used defendant Western Union Financial Services, Inc.'s services, and Mr. Alegria allegedly used DolEx and defendant Continental Exchange Solutions, Inc. d/b/a Ria Financial Services and AFEX Money Express's services. (*Id.* ¶¶53, 54.) They each claim they were "never informed" that "records from [their money transfer] transactions would be shared with the federal government without a valid warrant, subpoena or court order, and would remain in a mass database accessible by hundreds of government agencies indefinitely." (*Id.*)

Plaintiffs complain DolEx produced "bulk transaction data" regarding the money transfers they made to TRAC, at the Arizona attorney general's request, without complying with the RFPA. (*Id.* ¶32.) They do not specify what information DolEx allegedly provided, but allege the data "may include":

> the sender's name, sender's address, sender's phone number, sender's date of birth, sender's occupation, sender's social security number, payee's name, payee's address, payee's phone number, payee's date of birth, payee's occupation, payee's social security number, sender's and payee's identification numbers and types (passport or other ID numbers), dates and times of transactions, operators' names, sending agent's address, paying agent's address, and the sending and paying countries, currencies, and dollar amounts.

(*Id.* ¶36.)

Plaintiffs plead individual and class claims for (**1**) RFPA violations and (**2**) UCL violations.

*(Id.* at 20-22.)

### III.   QUESTIONS PRESENTED

1.     Whether the FAC fails an RFPA claim because plaintiffs fail to adequately plead: (i) plaintiffs are DolEx's "customers" under 12 U.S.C. § 3401(5); (ii) DolEx is a "financial institution" under 12 U.S.C. § 3401(1); (iii) DolEx produced "financial records" under 12 U.S.C. § 3401(2); and (iv) DolEx produced those records to a "Government authority," as that term is defined in 12 U.S.C. § 3401(3).

2.     Whether the FAC fails to state a UCL claim because DolEx provided records to TRAC under valid Arizona records requests.

### IV.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### V.   ARGUMENT

**A.     The court should dismiss the RFPA claim**

The RFPA states: "No financial institution, or officer, employees, or agent of a financial institution, may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this chapter." 12 U.S.C. § 3403(a).

To maintain a claim, plaintiffs must allege facts showing: (**1**) the plaintiff is a "customer;" (**2**) the defendant is a "financial institution;" and (**3**) the defendant released "financial records" to (**4**) a "Government authority." *See id.*  The FAC fails on each element.

#### 1.     *Plaintiffs do not adequately allege they are or were DolEx "customers"*

Plaintiffs must be DolEx's "customers" to maintain their claim. *Lynn v. United States*, No. 1:13-CV-00570-WTL, 2013 WL 6989358, at *1 (S.D. Ind. Nov. 14, 2013), *report and recommendation adopted,* No. 1:13-CV-00570-WTL, 2013 WL 6255263 (S.D. Ind. Dec. 4, 2013).

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1     The RFPA defines "customer" as "any person or authorized representative of that person who

2  utilized or is utilizing any service of a financial institution, or for whom a financial institution is

3  acting or has acted as a fiduciary, *in relation to an account maintained in that person's name*." 12

4  U.S.C. § 3401(5) (emphasis added); *see also Longi v. New York*, No. CV-02-5821 (SJF) (JO), 2006

5  WL 8441210, at *27 (E.D.N.Y. June 26, 2006).   Courts strictly construe the "customer" definition.

6  *Flatt v. U.S. Sec. and Exch. Comm'n,* No. 10-60073-MC, 2010 WL 1524328, at *3 (S.D. Fla. Apr. 14,

7  2010); *see also In re Porras*, 191 B.R. 357, 359 (Bankr. W.D. Tex. 1995) (quotations and citations

8  omitted) ("[T]hose courts which have been called upon to construe this term have adhered strictly to

9  the explicit, unambiguous definition of customer found in the [RFPA].")   And, as the Supreme Court

10  noted, the RFPA "carefully limits the kinds of customers to whom it applies."  *Jerry T. O'Brien, Inc.*,

11  467 U.S. at 745.

12     Plaintiffs allege they are "customers under 12 U.S.C. § 3401(5) because they utilize the

13  services of [the money transfer business defendants] and other money transfer companies."  (FAC

14  ¶66.)  This allegation is insufficient.  To satisfy the "customer" definition, each plaintiff must *also*

15  allege he or she utilized DolEx's services "in relation to an account maintained in the person's name."

16  *See* 12 U.S.C. § 3401(5).  The FAC contains no such allegations, meriting dismissal.  *See Young v.*

17  *Trans Union*, No. C 06-0114-CRB-PR, 2012 WL 12844773, at *7 (N.D. Cal. Aug. 29, 2012)

18  (granting VISA summary judgment in part as it "does not maintain accounts in cardholders' names.")

19     Any argument plaintiffs did not need to maintain an account with DolEx because the statutory

20  phrase "in relation to an account maintained in that person's name" modifies only "for whom a

21  financial institution is acting or has acted as a fiduciary" in 12 U.S.C. § 3401(5) is wrong.  *See Chao*

22  *v. Cmty. Tr. Co.*, 474 F.3d 75, 82 (3rd Cir. 2007); *see also Duncan v. Belcher*, 813 F.2d 1335, 1338

23  (4th Cir. 1987) ("The Act by its terms protects any person who uses a financial service 'in relation to

24  an account maintained in the person's name.'")   This court should reject any such argument and find

25  plaintiffs do not adequately plead they satisfy the RFPA's "customer" definition.

26     **2.     *Plaintiffs do not adequately allege DolEx is a "financial institution"***

27     The RFPA applies only to "financial institutions."  12 U.S.C. §§ 3403(a), (b).  Keeping with

28  its narrow scope, not every company involved in finance is a "financial institution."  The RFPA limits

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

"financial institution[s]" to "any office of a bank, savings bank, card issuer . . ., industrial loan company, trust company, savings association, building and loan, or homestead association (including cooperative banks), credit union, or consumer finance institution, located in any State[.]"  12 U.S.C. § 3401(1).  Plaintiffs allege DolEx satisfies this definition because it is a "consumer finance institution." (FAC ¶67.)  The court should reject their argument.

### a.     Money transfer businesses are not "financial institutions" under RFPA

Plaintiffs allege DolEx and the other money transfer business defendants are "financial institutions" under the RFPA because they are "consumer finance institutions located in the United States."  (*Id.* ¶67.)  They do not plead any facts supporting this conclusion though, instead describing money transfer businesses like DolEx as companies who "enable people to send and receive money across borders" and "facilitate the sending of remittances."  (*Id.* ¶22.)  Money transfer businesses—businesses that, in plaintiffs' own words, exist to facilitate the sending of remittances and enable people to send and receive money across borders—do not satisfy the "financial institution" definition.

The court must assume Congress means what it says.  *Williams v. Paramo*, 775 F.3d 1182, 1188 (9th Cir. 2015).  If Congress intended to regulate money transfer businesses as "financial institutions," it would have included them in the laundry list of qualifying entities in 12 U.S.C. § 3403(1).  It didn't.  And Congress most certainly knows how to include money transfer businesses in statutory definitions when it desires to regulate them.  In the Bank Secrecy Act, 31 U.S.C. § 5312, for instance, Congress defined "financial institution" much more broadly than in the RFPA to include:

> a licensed sender of money or other person who engages as a business in the transmission of currency, funds, or value that substitutes for currency, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.

31 U.S.C. § 5312(a)(2)(R).  Congress also specifically included money transmitters in defining "financial product and service" in Title X of the Dodd-Frank Act.  *See* 12 U.S.C. § 5481(15)(a)(iv) (defining "financial product or service" to include "transmitting or exchanging funds.")  This court cannot read "money transfer businesses" into the list of entities to which the RFPA applies.

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### b.   A "consumer finance institution" must provide financing as a core part of its business

Ostensibly because Congress omitted money transfer businesses from the "financial institution" definition, plaintiffs try to wedge them within the RFPA's ambit by claiming they are "consumer finance institutions." The court should reject this argument too.

The RFPA does not define "consumer finance institution," *see* 12 U.S.C. § 3401, so the court must determine what it means. To do so, it begins with the statutory text and uses "the fundamental canons of statutory construction" as a guide. *Bare v. Barr*, 975 F.3d 952, 967 (9th Cir. 2020). The starting point is "the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985). Statutory construction is "guided not just by a single sentence of sentence fragment, but by the language of the whole law, and its object and policy." *United States v. Balint*, 2014 F.3d 928, 933 (7th Cir. 2000) (citations omitted).

Statutory construction principles dictate the court should construe "consumer finance institution" to mean an entity that provides financing as a core part of its business. Dictionaries support this definition. Black's Law Dictionary defines "finance company" as "[a] nonbank company that deals in loans either by making them or by purchasing notes from another company that makes the loans directly to borrowers." Finance Company, BLACK'S LAW DICTIONARY (11th ed. 2019). It defines "consumer finance company" as "[a] finance company that deals directly with consumers in extending credit." Consumer Finance Company, BLACK'S LAW DICTIONARY (11th ed. 2019). Both confirm to be a "consumer finance institution," an entity must, at a minimum, make or "deal in" loans.

The *noscitur a sociis* canon also supports DolEx's definition—and narrowing the dictionary definition. That canon counsels "a word is given more precise content by the neighboring words with which it is associated." *United States v. Williams*, 553 U.S. 285, 294 (2008) (citations omitted). The term "consumer finance institution" appears in a string with banks, card issuers, loan and trust companies, and credit unions—all entities which "convey considerably more than a tangential or secondary relationship to the field of financing." *Commodity Futures Trading Comm'n v. Worth Bullion Grp., Inc.,* 717 F.3d 545, 551 (7th Cir. 2013). "A primary reason each of these entities exists

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

is to provide financing and cash loans to the general public, making these services a core function and purpose of such businesses."  *Id.* at 551.

Two courts that have considered this issue agree with DolEx's definition.  In *Commodity Futures Trading Commission,* the Seventh Circuit construed the term as meaning an entity which provides financing and cash loans to the general public as "a core function and purpose" or "defining characteristic" of its business. *Id.*  Similarly, in *Federal Trade Commission v. Sterling Precious Metals, LLC*, the court compared Congress's use of the word "institution" in the RFPA with its usage of "company" elsewhere in the RFPA to define "consumer finance institution" as "something more than a company that only tangentially engages in financing."  No. 12-80597-CIV, 2013 WL 1442180, at *3 (S.D. Fla. Apr. 9, 2013).

The RFPA's legislative purpose supports DolEx's definition as well.  The RFPA was crafted "to strike a balance between customers' right of privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations." *Collins v. Commodity Futures Trading Comm'n,* 737 F. Supp. 1467, 1478 (N.D. Ill. 1990) (citations omitted.)  And the Supreme Court has commented its "most salient feature" is "the narrow scope of the entitlements it creates."  *Jerry T. O'Brien*, 467 U.S. at 745.

### c.  DolEx does not provide financing as a core part of its business

DolEx does not satisfy the "consumer finance institution" definition because it does not provide financing as a core part of is business.

Plaintiffs concede as much.  They allege DolEx is a money transfer business which facilitates sending money outside the United States.  (FAC ¶24.)  They also allege "the vast majority of revenue" at companies like DolEx "comes from person-to-person transfers," not providing financing.  (*Id.*)

But even disregarding their concession, the court can dismiss.  Judicially-noticeable public records show DolEx does not even have a license to lend money.  (RJN, Ex. 1.)  If it cannot extend financing at all, it cannot be a "consumer finance institution."

Plaintiffs' allegation DolEx's website advertises "quick and easy personal loans" does not spare dismissal, for two reasons.  (FAC ¶9.)  *First*, plaintiffs do not allege DolEx provides "quick and easy personal loans" as a core part of its business, as is necessary to establish DolEx is a "consumer

finance institution," as set forth above.  And *second*, the website plaintiffs cite makes clear DolEx merely provides a platform for customers to apply for personal loans with Oportun—a completely separate corporation.  (*See* **EXHIBIT A**[1]; and RJN, Ex. 2.)

### 3. *Plaintiffs do not adequately allege DolEx disclosed "financial records"*

Under the RFPA's narrow definition, a "financial record" is "an original of, a copy of, or information known to have been derived from, any record held by a financial institution pertaining to a customer's relationship with the financial institution."  12 U.S.C. § 3401(2).  Plaintiffs do not adequately plead DolEx disclosed "financial records" to TRAC.  Plaintiffs are not DolEx "customers" and DolEx is not a "financial institution," as set forth above.  By definition, the records it provided to TRAC cannot be "financial records" covered by the RFPA.  *See* 12 U.S.C. § 3401(2) (incorporating the defined "customer" and "financial institution" terms into the "financial record" definition).

### 4. *Plaintiffs do not adequately allege DolEx made a disclosure to a "Government authority"*

Plaintiffs must also prove DolEx disclosed financial information to a "Government authority" to prevail on their claim.  12 U.S.C. § 3403(b).

A "Government authority" is "any agency or department of the United States, or any officer, employee or agent thereof[.]"  12 U.S.C. § 3401(3).  The term does not include state authorities.  *See id.; see also United States v. Zimmerman*, 957 F. Supp. 94, 96 (N.D. W.Va. 1997) (noting the RFPA has no application to "requests for information from state and local governmental agencies.")

Plaintiffs do not allege DolEx provided any information to a federal agency or department, or any federal officer, employee or agent of a federal agency or department.  They only complain DolEx provided information to TRAC, at the Arizona attorney general's request.  (FAC ¶47.)  This is insufficient to support a valid claim.  Neither TRAC nor the Arizona attorney general are

---

[1] The court can consider this printout from DolEx's webpage in ruling on this motion to dismiss because plaintiffs refer to it in the FAC, FAC ¶ 9, and it forms the basis for their allegation DolEx is a "financial institution" under the RFPA. *See e.g. Whitaker v. LL S. San Francisco, L.P.,* No. 21-CV-00632-HSG, 2021 WL 2291848, at *3 (N.D. Cal. June 4, 2021) (citing *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim.")

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

68839790;1

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   "Government authorit[ies]" under the RFPA.  *See* 12 U.S.C. § 3401(3); *see also Donahue v. Gavin*,

2   No. Civ. A 98-1602, 1999 WL 165700, at *7 (E.D. Pa. Mar. 12, 1999) ("[T]he RFPA does not restrict

3   state authorities' access to financial information.")

4       Plaintiffs allege DolEx was "well aware" federal agencies had access to TRAC in an effort to

5   save their claim.  (FAC ¶¶44, 47.)  But whether DolEx had such knowledge is immaterial.  The RFPA

6   does not proscribe providing information to third parties who may make the information accessible to

7   the federal government—in this instance a state-controlled entity formed for law enforcement

8   purposes.  *Cf. Byrd v. GMAC Mortg. LLC,* No. 1:19-cv-00651-DDD-STV, 2020 WL 4577461, at *3

9   (D. Colo. Aug. 7, 2020) ("Reports by lenders to reporting agencies are not governed or prohibited by

10  RFPA, even if they later fall into government hands.")  It expressly prohibits disclosures to a

11  "Government authority."  12 U.S.C. § 3403(a).  And as the Supreme Court has noted, the RFPA is

12  notable for the "narrow scope of the entitlement it creates."  *Jerry T. O'Brien*, 467 U.S. at 745.  If

13  plaintiffs want to expand the RFPA's protections, they need to go to Congress, not this court.

**B.   The court should dismiss the UCL claim because DolEx provided information to TRAC in response to valid Arizona records requests**

16      The UCL prohibits any "unlawful, unfair or fraudulent business act or practice[.]"  Cᴀʟ. Bᴜs.

17  & Pʀᴏf. Cᴏᴅᴇ § 17200.  Plaintiffs base their claim on alleged violations of Cᴀʟ. Fɪɴ. Cᴏᴅᴇ § 4052.5,

18  which, with certain exceptions, prevents financial institutions from selling, sharing, transferring, or

19  otherwise disclosing nonpublic personal information to or with any nonaffiliated third parties without

20  "explicit prior consent."  (FAC, ¶¶79-89.)  The court should dismiss.

21      Cᴀʟ. Fɪɴ. Cᴏᴅᴇ § 4056(b)(7) provides DolEx a safe harbor.  It allows financial institutions to

22  release nonpublic information "to comply with federal, state or local laws, rules, and other appliable

23  legal requirements" and "to comply with a properly authorized civil, criminal, administrative, or

24  regulatory investigation or subpoena or summons by state, federal or local authorities."  Here,

25  plaintiffs allege DolEx provided information to TRAC in response to "formal data requests" from the

26  Arizona attorney general.  (FAC, ¶¶32, 47.)  Those "formal data requests" were properly authorized

27  records requests under Aʀɪᴢ. Rᴇᴠ. Sᴛᴀᴛ. § 13-2315 from the Arizona attorney general, placing DolEx

28

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    squarely within CAL. FIN. CODE § 4056(b)(7)'s safe harbor. (**EXHIBIT B**.[2])

2         Further, the records requests plaintiffs describe in the FAC show the Arizona attorney general

3    issued its requests under ARIZ. REV. STAT. § 13-2315, which permits it to issue records requests to

4    investigate racketeering, as defined in ARIZ. REV. STAT. § 13-2301, or illegal control of an enterprise,

5    as defined in ARIZ. REV. STAT. § 13-2312. (*Id.*) If a records request contains a sworn statement "that

6    the request is made in order to investigate racketeering . . . or a violation of § 13-2312," the furnisher

7    has no civil or criminal liability "in any action brought alleging violation of the confidentiality of such

8    records." ARIZ. REV. STAT. § 13-2315(A). All records requests described in the FAC, dating back to

9    2014, contain such a sworn statement. (**EXHIBIT B**.) The court should not allow plaintiffs to attempt

10   to use a California state statute to undermine the protections ARIZ. REV. STAT. § 13-2315 provides to

11   those responding to records requests from the Arizona attorney general, and dismiss their claim.

12                                   **V.    CONCLUSION**

13        Plaintiffs do not adequately plead they are DolEx "customers," DolEx is a "financial

14   institution" or DolEx made an improper disclosure of "financial records" to a "Government agency,"

15   requiring the court to dismiss the RFPA claim. That DolEx provided information to TRAC in

16   response to valid records requests from the Arizona attorney general prevents plaintiffs from

17   maintaining their UCL claim. The FAC does not state a single valid claim against DolEx and should

18   be dismissed.

19        Dated: March 3, 2023.                          Respectfully submitted,

20                                                        **AKERMAN LLP**

21

22                                                        By: */s/ Taylor T. Haywood*
                                                              Parisa Jassim
23                                                            Taylor T. Haywood

24                                                        *Attorneys for defendant DolEx Dollar Express,
                                                          Inc.*
25

26   _____
     [2] The court can consider the records requests because plaintiffs refer to them extensively, *see e.g.,*
27   FAC ¶¶32, 47, and their allegation "none of [the] requests complied with the RFPA" supports their
     claims. *See Khoja v. Orexigan Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018) (The court may
28   "treats certain documents as though they are part of the complaint itself" if the plaintiff refers
     extensively to the document or the document forms the basis of the plaintiff's claim.)

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**
68839790;1