UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON SEQUEIRA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-07996-HSG<br><br>**ORDER DENYING WESTERN UNION'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MOTION TO FILE REPLY IN SUPPORT THEREOF**<br><br>Re: Dkt. Nos. 125, 141 |

Pending before the Court is Defendant Western Union Financial Services, Inc.'s ("Western Union") motion for leave to file motion for reconsideration. Dkt. No. 125. Specifically, Western Union seeks leave to file a motion for reconsideration of certain rulings in this Court's March 21, 2024 order granting in part and denying in part Defendants' motions to dismiss the First Amended Complaint. Dkt. No. 116. Western Union also moves the Court for leave to file a reply brief in support of its motion. Dkt. No. 141. For the reasons detailed below, the Court **DENIES** both motions.

## I.　LEGAL STANDARD

Under Civil Local Rule 7-9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Civil L.R. 7-9(a). The Local Rule further directs that:

> [t]he moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in

fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b)

## II.      DISCUSSION

Western Union seeks reconsideration of certain of the Court's rulings on its motion to dismiss the First Amended Complaint, arguing that the Court failed to consider "dispositive legal arguments" made in its motion.  First, it argues that the Court failed to consider its argument that the First Amended Complaint's allegation that Western Union provides lending services is insufficient to plausibly allege that it is a "consumer finance institution," which the Court defined as a company for which the provision of financing and cash loans to consumers is a core function and purpose of the business.  *See* Dkt. No. 125 at 2–3.  Second, Western Union argues that the Court failed to consider its arguments that its disclosures were immunized under the Annunzio-Wylie Act's safe harbor or the statutory exemptions of Cal. FIPA.  *See id.* at 4–8.

First, Western Union's argument as to Plaintiffs' RFPA claim is moot, because in the Second Amended Complaint, Plaintiffs have removed any allegation that Western Union provides "lending services," and only re-allege their RFPA claim against Western Union to preserve the claim for appeal.  *See* Dkt. No. 138 ¶¶ 8, 87–90.  As such, Plaintiffs no longer allege that Western Union is a "consumer finance institution" by virtue of providing lending services, and the Court need not expend its limited resources reconsidering Western Union's arguments as to this issue.

Second, as to Western Union's defenses under the Annunzio-Wylie Act and Cal. FIPA, the Court did not fail to consider Western Union's arguments, but instead found them insufficient to support dismissal of Plaintiffs' UCL claim as a matter of law.  "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to

1  securing relief on the face of the complaint." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999,
2  1004 (9th Cir. 2014). "If, from the allegations of the complaint as well as any judicially
3  noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule
4  12(b)(6) is improper." *Id.*

5        Here, the Court considered Western Union's arguments in favor of dismissal based on
6  these defenses, but found that factual issues precluded dismissal under Rule 12(b)(6).
7  Specifically, the Court highlighted a potential inconsistency between Western Union's cited
8  authorities, which applied the Annunzio-Wylie Act and Cal. FIPA defenses to disclosures
9  compelled under mandatory legal process such as Congressional subpoenas or grand jury
10 subpoenas, and the facts of this case, in which Western Union entered into a settlement agreement
11 with the Arizona Attorney General *after* the Arizona Supreme Court ruled that the original warrant
12 requesting those documents was unconstitutional. *See* Dkt. No. 38 ¶¶ 27–28. The Court found
13 that those allegations in this case raise factual issues precluding Western Union from
14 "establish[ing] the affirmative defense with certitude" based purely on the pleadings. *Finnell v.
15 Ford Motor Co.*, No. 5:19-CV-08030-EJD, 2020 WL 1082704, at *3 (N.D. Cal. Mar. 6, 2020)
16 (citation omitted). Western Union may disagree with the Court's decision, but that is not a ground
17 for reconsideration. *See Argenal v. Reassure Am. Life Ins. Co.*, No. 13-CV-01947, 2014 WL
18 12644227, at *2 (N.D. Cal. May 12, 2014) ("Plaintiff is of course entitled to disagree with the
19 Court's conclusions. But such disagreement does not render the Court's analysis a manifest
20 failure, nor warrant a motion for reconsideration that rehashes arguments already made in
21 briefing.").

22       Finally, to the extent that Western Union argues that the Court should reconsider
23 dismissing Plaintiffs' UCL claim as to *only* Western Union's disclosures pursuant to an HSI
24 customs summons, it has cited to no authority "demonstrating that it may attack portions of a
25 single claim on a motion to dismiss." *Doe v. Napa Valley Unified Sch. Dist.*, No. 17-CV-03753-
26 SK, 2018 WL 4859978, at *2 (N.D. Cal. Apr. 24, 2018). Rather, "[b]y its own terms, there does
27 not appear to be any way to grant partial dismissal of a claim under Fed. R. Civ. P. 12(b)(6)." *In*
28

3

1  *re Netopia, Inc., Sec. Litig.,* 2005 WL 3445631, at *3 (N.D. Cal. Dec. 15, 2005).[1]  Because

2  Plaintiffs have pled a plausible claim under the UCL, dismissal under Rule 12(b)(6) is

3  inappropriate here.

4       Western Union's motion for leave to file a reply brief in support of its motion for leave to

5  file a reconsideration motion (Dkt. No. 141) is denied.  Western Union's reply raises no arguments

6  that it could not have raised in its original motion for leave to file a reconsideration motion, and to

7  the extent the Court did consider these arguments, they would not change the outcome here.  The

8  Court declined to dismiss Plaintiffs' UCL claim based on Western Union's affirmative defenses

9  because those defenses were not "obvious bar[s] to securing relief on the face of the complaint"

10  and because factual issues precluded finding that the complaint sufficiently "establishes the

11  defense[s]."  *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973

12  (9th Cir. 2019).  Again, Western Union's disagreement with that conclusion does not warrant

13  reconsideration or further briefing.

14  \\

15  \\

16  \\

17  \\

18  \\

19  \\

---

[1] This Court has previously partially dismissed UCL claims, but only where each "part" of the claim was pled as a separate and independent basis to support a claim under the UCL.  *See e.g.*, *Enea v. Mercedes-Benz USA, LLC*, No. 18-CV-02792-HSG, 2019 WL 402315, at *7 (N.D. Cal. Jan. 31, 2019) (dismissing UCL claim under "unfair" prong but not "unlawful" prong); *Gershman v. Bayer HealthCare LLC*, No. 14-CV-05332-HSG, 2015 WL 2170214, at *5 (N.D. Cal. May 8, 2015) (dismissing claims under UCL "fraudulent" prong to the extent predicated on certain alleged misrepresentations, where each alleged misrepresentation was pled as a separate basis for the UCL claim).  Here, Plaintiffs have not separately alleged distinct bases to support their singular UCL claim under the "unlawful" prong, and Western Union has cited to no authority requiring the Court to disaggregate that claim into subcategories of the alleged unlawful conduct, and then to separately analyze each such subcategory on a motion to dismiss.  This Court has expressly declined to do precisely that in other contexts.  *See Rumble, Inc. v. Google LLC*, No. 21-CV-00229-HSG, 2022 WL 3018062, at *3 (N.D. Cal. July 29, 2022) (declining to disaggregate Sherman Act claim where defendant argued that plaintiff pled too much, and therefore that the court should thus independently analyze separate subtheories of liability).

### III. CONCLUSION

Western Union's motion for leave to file a motion for reconsideration and motion for leave to file a reply in support thereof are accordingly **DENIED**.

**IT IS SO ORDERED.**

Dated: May 16, 2024

HAYWOOD S. GILLIAM, JR.
United States District Judge