ROBERT L. WALLAN (SBN 126480)
robert.wallan@pillsburylaw.com
NATHAN M. SPATZ (SBN 204769)
nathan.spatz@pillsburylaw.com
CHRISTOPHER M. BUTLER (SBN 318219)
christopher.butler@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: 213.488.7100
Facsimile: 213.629.1033

Attorneys for Defendant *Continental Exchange Solutions, Inc., d/b/a Ria Financial Services and AFEX Money Express*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| NELSON SEQUEIRA, ISMAEL CORDERO, MARIA HERNANDEZ, and JOSE ANTONIO MANJARREZ individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; WESTERN UNION FINANCIAL SERVICES, INC., a Colorado corporation; CONTINENTAL EXCHANGE SOLUTIONS, INC., a Kansas corporation, d/b/a RIA FINANCIAL SERVICES and AFEX MONEY EXPRESS; and DOLEX DOLLAR EXPRESS, INC., a Texas corporation,<br><br>*Defendants*. | Case No. 4:22-cv-07996-HSG<br><br>Assigned to Hon. Haywood S. Gilliam, Jr.<br><br>**DEFENDANT CONTINENTAL EXCHANGE SOLUTIONS, INC.'S RENEWED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: September 5, 2024<br>Time: 2:00 p.m.<br>Crtrm: 2<br>Judge: Hon. Haywood S. Gilliam, Jr.<br><br>Action Filed: December 12, 2022<br>Second Amended Complaint Filed: May 9, 2024<br>Trial Date: None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

For the reasons set forth below, Defendant Continental Exchange Solutions, Inc., d/b/a Ria Financial Services and AFEX Money Express ("Continental") respectfully requests that the Court take judicial notice of the documents described below, which are attached hereto. This Court has previously granted Continental's request for judicial notice of these same documents [See Dkt. 64-1, 114, 115, and 116]. The documents are as follows:

1.     **Exhibit A** is a true and correct copy of the California Department of Financial Protection & Innovation ("DFPI") website reflecting Continental Exchange's license (#1639) with the DFPI. The document is available at https://dfpi.ca.gov/2018/05/28/continental-exchange-solutions-inc/ (last visited March 1, 2023).

2.     **Exhibit B** is a true and correct copy of a 2010 settlement agreement between the State of Arizona ("Arizona") and Western Union Financial Services, Inc. ("Western Union"). The document is available at https://www.sec.gov/Archives/edgar/data/1365135/000119312510030898/dex101.htm (last visited March 1, 2023).

3.     **Exhibit C** is a true and correct copy of Western Union Form 8-K filed with the United States Securities and Exchange Commission attaching a February 3, 2014 amended settlement agreement in *Arizona v. Western Union*, Superior Court of Arizona, Maricopa County, Case No. CV 2010-005807 (2014).

4.     **Exhibit D** is a true and correct copy of a 2015 subpoena issued on December 30, 2015 by the Arizona Office of the Attorney General ("Attorney General") to Continental Exchange. The subpoena states: "This is a felony investigation. Either warning another person of impending felony prosecution or suppressing physical evidence … are each separate felonies. A.R.S. § 13-2510(2) and (5); § 13-2512." The subpoena also states that the subpoena is issued pursuant to the Attorney General's lawful duty to investigate racketeering and "[y]our failure to comply in full with this request will subject you to the proceedings provided by A.RS. § 13-2315(8)."

5.     **Exhibit E** is a true and correct copy of a subpoena issued on January 14, 2019 by Kalon Metz of the Arizona Attorney General's Office to Continental Exchange. The subpoena states: "This

is a felony investigation. Either warning another person of impending felony prosecution or suppressing physical evidence … are each separate felonies." The subpoena also states that the subpoena is issued pursuant to the Attorney General's lawful duty to investigate racketeering and "[y]our failure to comply in full with this request will subject you to the proceedings provided by A.RS. § 13-2315(8)."

6. **Exhibit F** is a true and correct copy of subpoena issued June 17, 2021 by Shawn Steinberg of the Arizona Attorney General's Office to Continental Exchange. The subpoena states: "This is a felony investigation. Either warning another person of impending felony prosecution or suppressing physical evidence … are each separate felonies." The subpoena also states that the subpoena is issued pursuant to the Attorney General's lawful duty to investigate racketeering and "[y]our failure to comply in full with this request will subject you to the proceedings provided by A.RS. § 13-2315(8)."

7. **Exhibit G** is a true and correct copy of a June 9, 2010 Memorandum from Assistant Secretary of U.S. Immigration and Customs Enforcement ("ICE") to all ICE employees regarding internal realignment of ICE offices.

8. **Exhibit H** is a true and correct copy of a 2023 subpoena issued on June 23, 2023, by the Arizona Attorney General's Office to Continental. The subpoena commands records for "all transactions that have a value of $500 or greater and that meet any one of the following criteria: (1) [o]riginate in the Southwest Border (including the states of Arizona, California, New Mexico and Texas); (2) [o]riginate in the Country of Mexico; (3) [a]re paid out in the Southwest Border (including the states of Arizona, California, New Mexico and Texas); or (4) [a]re paid out in the country of Mexico." The subpoena further commands that "records be provided on a bi-weekly schedule, or as soon as practicable beginning with July 1, 2023, and ending with June 30, 2024." The subpoena states: "This is a felony investigation. Either warning another person of impending felony prosecution or suppressing physical evidence … are each separate felonies. A.R.S. § 13-2510(2) and (5); § 13-2512." The subpoena also states that the subpoena is issued pursuant to the Attorney General's lawful duty to investigate racketeering and "[y]our failure to comply in full with this request will subject you to the proceedings provided by A.RS. § 13-2315(B)."

1  Rule 201 of the Federal Rules of Evidence provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "Judicially noticed facts often consist of matters of public record." *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 2014 WL 12160745, at *1 (S.D. Cal. Sept. 19, 2014) (citations and internal quotations omitted). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F3d 988, 999 (9th Cir. 2018) (internal citations omitted).

"[A] court may take judicial notice of 'records and reports of administrative bodies.'" *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 452 (N.D. Cal. 2019) (granting request to take judicial notice of "two webpages on [the National Oceanic and Atmospheric Administration's] public website") (citing *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017)). Courts routinely take judicial notice of Securities and Exchange Commission filings. *Hammitt v. Lumber Liquidators, Inc.*, 19 F. Supp. 3d 989, 1004 (S.D. Cal. 2014).

Courts may also "take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotations omitted). It follows that "[c]ourts may take judicial notice of the fact of service and response to subpoenas." *United States v. TruConnect*, No. CV163767PSGFFMX, 2020 WL 13534177, at *3 (C.D. Cal. Nov. 23, 2020) (citing *Klein v. Mony Life Ins. Co. of Am.*, No. CV 17-07003-RSWL-AS, 2018 WL 2472916, at *3 (C.D. Cal. May 30, 2018)); *Gallagher v. United States*, No. 17-CV-00586-MEJ, 2017 WL 4390172, at *3 (N.D. Cal. Oct. 3, 2017) (granting request to take judicial notice of subpoena and response to subpoena).

Continental Exchange makes this request on grounds that the foregoing documents are either (1) subpoenas issued by the Arizona Attorney General (Exhibits D-F, and H) and/or (2) administrative records (Exhibits A-C, and G). *See United States v. TruConnect*, at *3; *Gardner v. Starkist Co.*, 418 F. Supp. 3d at 452. The existence and content of the above-referenced documents are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to resources the accuracy of which cannot be reasonably questioned. *See* Fed. R. Evid. 201(b).

Because judicial notice of the above documents is proper under the Federal Rules of Evidence, Continental respectfully requests that this Court take judicial notice of **Exhibits A-H** attached hereto.

Dated:  June 13, 2024       PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _/s/ Robert L. Wallan_
ROBERT L. WALLAN
NATHAN M. SPATZ
CHRISTOPHER M. BUTLER

Attorneys for Defendant *CONTINENTAL EXCHANGE SOLUTIONS, INC., d/b/a RIA FINANCIAL SERVICES AND AFEX MONEY EXPRESS*