SIDLEY AUSTIN LLP
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Stephen Chang (SBN 312580)
stephen.chang@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Hille R. Sheppard (*pro hac vice*)
hsheppard@sidley.com
One South Dearborn
Chicago, Illinois  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendant*
*Western Union Financial Services, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| NELSON SEQUEIRA, ISMAEL CORDERO, MARIA HERNANDEZ, and JOSE ANTONIO MANJARREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; WESTERN UNION FINANCIAL SERVICES, INC., a Colorado corporation; CONTINENTAL EXCHANGE SOLUTIONS, INC., a Kansas corporation, d/b/a RIA FINANCIAL SERVICES and AFEX MONEY EXPRESS; and DOLEX DOLLAR EXPRESS, INC., a Texas corporation,<br><br>Defendants. | Case No. 4:22-cv-07996-HSG<br><br>**DEFENDANT WESTERN UNION FINANCIAL SERVICES, INC.'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:  September 5, 2024<br>Time: 2:00 pm<br>Place:  Courtroom 2, 4th Floor, Oakland<br>Judge: Honorable Haywood S. Gilliam, Jr.<br><br>Second Amended Complaint Filed: May 9, 2024 |

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201(b) and the doctrine of incorporation by reference, Defendant Western Union Financial Services, Inc. ("Western Union") hereby files this request for judicial notice and/or incorporation by reference of the following materials in support of the Money Transfer Business Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint:

1) **Exhibit A**: The Arizona Supreme Court's decision in *State of Arizona v. Western Union Financial Services, Inc.*, 208 P.3d 218 (Ariz. 2009).

2) **Exhibit B**: The Arizona Court of Appeal's decision in *State ex rel. Goddard v. Western Union Financial Services, Inc.*, 166 P.3d 916 (Ariz. Ct. App. 2007).

Exhibits A and B are attached as exhibits to the concurrently filed Declaration of Sheila A.G. Armbrust ("Armbrust Declaration"). Both opinions are matters of public record, and the facts contained therein are generally known within this jurisdiction, can be accurately and readily verified, and are not subject to reasonable dispute. They therefore are proper subjects for judicial notice. They are also referred to in the Second Amended Class Action Complaint, Dkt. 138, and are thus also properly before the Court under the doctrine of incorporation by reference.[1]

## II. LEGAL STANDARDS

### A. Judicial Notice

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute where they (1) are "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

Courts can take judicial notice of another court's "decisions and opinions in order to determine what was alleged and litigated." *Rupert v. Jones*, 2011 WL 855849, at *1 n.1 (N.D. Cal. Mar. 9, 2011) (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002)); *see also United States v.*

---

[1] The Court granted Western Union's previous Request for Judicial Notice, Dkt. 70. *See* Dkt. 116 at 17:12–20.

1

DEFENDANT WESTERN UNION FINANCIAL SERVICES, INC.'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, CASE NO. 4:22-CV-07996-HSG

1  *Kaiser Found. Health Plan, Inc.*, 2013 WL 4605096, at *3 n.3 (N.D. Cal. Aug. 28, 2013) ("courts
2  can take judicial notice of other courts' decisions, but only for existence of the opinion and not for
3  truth of the facts asserted in the opinion") (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th
4  Cir. 2001)); *Alpha III, Inc. v. City of San Diego*, 187 F. App'x 709, 710 (9th Cir. 2006) (taking
5  judicial notice of a state court's ruling).

6      **B.   Incorporation by Reference**

7      The doctrine of incorporation by reference is distinct from judicial notice. *Al-Ahmed v.*
8  *Twitter, Inc.*, 603 F. Supp. 3d 857, 866 (N.D. Cal. 2022). A document is incorporated by reference if
9  "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)
10 no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id.* (quoting *Marder*
11 *v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). The doctrine allows a court to consider certain
12 documents as part of the complaint itself, thereby preventing plaintiffs from cherry-picking portions
13 of documents that support their claims, while omitting portions of those very documents that weaken
14 their claims. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). It "permits a
15 district court to consider documents whose contents are alleged in a complaint and whose
16 authenticity no party questions, but which are not physically attached to the … pleadings." *Al-*
17 *Ahmed*, 603 F. Supp. 3d at 866 (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986
18 (9th Cir. 1999)) (internal quotation marks omitted).

19 **III.   ARGUMENT**

20     The Court may properly take judicial notice of the Arizona Supreme Court's decision in *State*
21 *of Arizona v. Western Union Financial Services, Inc.*, and the Arizona Court of Appeals opinion in
22 *State ex rel. Goddard v. Western Union Financial Services, Inc.* The contents of these documents are
23 "not subject to reasonable dispute." Fed. R. Evid. 201(b). And federal courts may "take notice of
24 proceedings in other courts, both within and without the federal judicial system, if those proceedings
25 have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council*
26 *v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Because these opinions are matters of public
27 record and their accuracy cannot reasonably be questioned, they are proper subjects of judicial notice
28

1  And the Court need not consider the truth of any facts asserted in these opinions to take judicial
2  notice of what issues the courts considered (and did not consider). *See Rupert*, 2011 WL 855849, at
3  *1 n.1; *Kaiser Found. Health Plan, Inc.*, 2013 WL 4605096, at *3 n.3.
4        The Second Amended Complaint also incorporates these decisions by reference. The Second
5  Amended Complaint refers directly to them, purporting to describe the Arizona Supreme Court's
6  holding and referring to "prior litigation," which includes the Arizona Court of Appeal's decision.
7  SAC ¶¶ 26–27. Moreover, the Arizona Supreme Court's holding forms the basis for Plaintiffs' claim
8  that Western Union "acquiesced to [an] unlawful arrangement" when it agreed to produce money
9  transfer records to the Arizona Attorney General pursuant to a court order, *id.* ¶ 27, and is thus
10 central to whether there are factual issues precluding Western Union from establishing that it is
11 immune from liability under the Annunzio-Wylie Act and Cal. FIPA. This Court therefore can and
12 should review these opinions when considering Western Union's motion to dismiss. *See, e.g.*, *Wister*
13 *v. White*, 2019 WL 6841370, at *1 n.2 (N.D. Cal. Dec. 16, 2019) (reviewing a state court appellate
14 opinion under the incorporation by reference doctrine because the plaintiff "refers to it in his initial
15 pleading, and defendants' also request judicial notice of it"); *Rancho Mirage Mobilehome*
16 *Community, LP v. Coachella Valley Water District*, 2021 WL 7186852, at *4 (C.D. Cal. Nov. 1,
17 2021) ("judicial notice of the State Court Appellate Opinion is also appropriate under the
18 incorporation-by-reference doctrine").

19 **IV.   CONCLUSION**
20       The two exhibits references in this Request for Judicial Notice, attached to the Armbrust
21 Declaration and cited in the Money Transfer Business Defendants' Motion, are properly before the
22 Court, and the Court should grant Western Union's Request for Judicial Notice.

23

24 Dated: June 13, 2024                      Respectfully submitted,

25

26                                         */s/ Sheila A.G. Armbrust*
                                        Sheila A.G. Armbrust
27                                         Hille R. Sheppard
                                        Stephen Chang
28

3

DEFENDANT WESTERN UNION FINANCIAL SERVICES, INC.'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 4:22-CV-07996-HSG

| | |
|---|---|
| 1 | SIDLEY AUSTIN LLP |
| 2 | Attorneys for Defendant |
| 3 | Western Union Financial Services, Inc. |

4

DEFENDANT WESTERN UNION FINANCIAL SERVICES, INC.'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT, CASE NO. 4:22-CV-07996-HSG