ROBERT L. WALLAN (SBN 126480)
robert.wallan@pillsburylaw.com
NATHAN M. SPATZ (SBN 204769)
nathan.spatz@pillsburylaw.com
CHRISTOPHER M. BUTLER (SBN 318219)
christopher.butler@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone:     213.488.7100
Facsimile:     213.629.1033

Attorneys for Defendant *Continental Exchange Solutions, Inc., d/b/a Ria Financial Services and AFEX Money Express*

[additional counsel listed at signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| NELSON SEQUEIRA, ISMAEL CORDERO, MARIA HERNANDEZ, and JOSE ANTONIO MANJARREZ individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; WESTERN UNION FINANCIAL SERVICES, INC., a Colorado corporation; CONTINENTAL EXCHANGE SOLUTIONS, INC., a Kansas corporation, d/b/a RIA FINANCIAL SERVICES and AFEX MONEY EXPRESS; and DOLEX DOLLAR EXPRESS, INC., a Texas corporation,<br><br>*Defendants*. | Case No. 4:22-cv-07996-HSG<br><br>Assigned to Hon. Haywood S. Gilliam, Jr.<br><br>**MONEY TRANSFER BUSINESS DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT ORDER (Dkt. 179)**<br><br><br>Action Filed: December 12, 2022<br>2d Amended Complaint Filed: May 9, 2024<br>Trial Date: None Set |

## I.     INTRODUCTION

On September 11, 2024, the Court ordered the parties to brief whether the Money Transfer Business Defendants' ("MTB Defendants") Rule 12(b)(7) motion should be denied in light of *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999). It should not. In *Bowen*, the Ninth Circuit explained that under Rule 19(a)(1)(B),[1] "[j]oinder is 'contingent ... upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action.'" *Id.* (emphasis in original) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). Here, the Arizona Attorney General and the State of Arizona have undoubtedly "claimed a legally protected interest" in the "subject matter" of this case. On September 25, 2024, Arizona Attorney General Kris Mayes sent a letter to the Court, copying all counsel of record, stating the State's interest. *See* Dkt. 181. Moreover, even absent the letter, a public entity claims an interest in litigation consistent with Rule 19(a)(1)(B)'s requirement where, as here, the litigation "could result in the invalidation or modification of one if its ordinances, rules, regulations, or practices." *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1082 (9th Cir. 2010). And separately, *Bowen* does not preclude this Court from holding that the Arizona Attorney General and the State of Arizona are also required parties under Rule 19(a)(1)(A) because complete relief cannot be accorded in their absence. Rule 19(a)(1)(A) (unlike Rule 19(a)(1)(B)) does not require an absent party to claim an interest.

## II.    ARGUMENT

### A.    The Arizona Attorney General And The State Of Arizona Have Expressly Claimed An Interest In This Action.

The Arizona Attorney General and the State of Arizona have expressly claimed an interest in this litigation under Rule 19(a)(1)(B). *See* Dkt. 181. The current Arizona Attorney General, Kris Mayes, explained that "Representatives from [her] office are closely monitoring [the] progress [of this case] and have observed hearings held in the matter both physically and virtually," and that "the State of Arizona and [Mayes], in [her] official capacity as the Arizona Attorney General, are highly vested in the outcome of this matter." *Id.* at 1. Specifically, the Arizona Attorney General has "remained

---

[1] At the time, the relevant Rule was Federal Rule of Civil Procedure 19(a)(2).

1  steadfast in [her] commitment to tackling the evils committed by Transnational Criminal
2  Organizations (TCOs) operating in the Southwest Border area" and has "embraced and furthered a
3  program first implemented by a preceding Arizona Attorney General targeting these organizations'
4  laundering of illicit proceeds through Money Service Businesses (MSBs)." *Id.* at 1–2. The Arizona
5  Attorney General's "success in combatting these sophisticated TCOs is highly dependent on [its]
6  ability to issue and enforce the subpoenas and obtain the requested transactional records which are at
7  the crux of the present matter." *Id.* at 2. The Arizona Attorney General concluded: "Because a primary
8  issue before this Court is the legality of the Defendant MSBs' compliance with these subpoenas, it is
9  difficult to identify a party more interested in such litigation than the State of Arizona." *Id.*

10  Unquestionably, by submitting this letter, the Arizona Attorney General and the State of
11  Arizona "*claim[ed]* a legally protected interest relating to the subject matter of the action."[2] *Bowen*,
12  172 F.3d at 689 (citation omitted); *see also* Fed. R. Civ. 19(a)(1)(B). As such, the MTB Defendants'
13  Rule 12(b)(7) motion should not be denied in light of *Bowen*.

14      **B.**    **The Arizona Attorney General And The State Of Arizona Claimed An Interest Consistent With Rule 19(a)(1)(B) Even Before The Arizona Attorney General Submitted The Letter.**

16  Even prior to the Arizona Attorney General's letter, the Arizona Attorney General and the
17  State of Arizona already had "claim[ed] an interest in the subject matter of the action." Fed. R. Civ.
18  P. 19(a)(1)(B). As the Ninth Circuit has explained, "[a] public entity has an interest in a lawsuit that
19  could result in the invalidation or modification of one of its ordinances, rules, regulations, or
20  practices," and in such circumstances, satisfies Rule 19(a)(1)(B)'s requirement to claim an interest.
21  *Peabody*, 610 F.3d at 1082. This is true even where the public entity does not take any explicit step to
22  state its interest in the litigation. *See id.*; *see also, e.g.*, *Linehan v. Allianceone Receivables Mgmt.*,

---

[2] The Arizona Attorney General and the State of Arizona have also claimed an interest by attending hearings in this matter, *see* Dkt. 181, and by permitting subpoenas to be produced in this litigation. Plaintiffs' counsel acknowledged both of these facts at the hearing on September 5, 2024. Dkt. 176, Tr. at 12:18–20 ("[T]here was an Attorney General representative here at the last motion to dismiss hearing and I'm aware of their negotiations to disclose the subpoenas on this docket … ."). Moreover, counsel for the MTB Defendants sought permission from the Arizona Attorney General to publicly file the subpoenas in this case. *See* Continental RJN (Dkt. 64-1, Ex. D-F; Dkt. 115, Ex. A).

*Inc.*, No. C15-1012-JCC, 2016 WL 4765839, at *9 (W.D. Was. Sept. 13, 2016) ("The *Peabody* court reached this conclusion despite the fact the public entity in that case did not explicitly claim an interest in the litigation."); *Tinoco v. San Diego Gas & Electric Co.*, 327 F.R.D. 651, 659 (S.D. Cal. Sept. 6, 2018) (explaining that in *Peabody*, "[i]t did not appear the person to be joined (the Secretary of the Interior) had claimed an interest in the lawsuit, but the Ninth Circuit held he was to be joined because the action 'would require him to modify the terms of leases he approves for [certain] entities.'" (quoting *Peabody*, 610 F.3d at 1082).[3]

In *Peabody*, the Navajo Nation moved to dismiss under Rule 19, arguing that the Secretary of the Interior was a necessary party to an action by the EEOC challenging employment preference provisions that the Secretary required in mining leases between Peabody and the Navajo Nation. 610 F.3d at 1074, 1080. The Secretary of the Interior did not formally assert an interest in the litigation.[4] Still, the Ninth Circuit explained that "[t]he Secretary … has an interest in an action that would require him to modify the terms of leases he approves for entities conducting business on the Navajo reservation" and "therefore qualifies as a person to be joined under Rule 19(a)(1)(B)(i)." *Id.*

Similarly, in *Linehan*, the court held that the King County District Court was a required party to the action under Rule 19(a)(1)(B), even though it had not expressly asserted an interest, because the litigation would result in the invalidation of its general administrative orders. 2016 WL 4765839, at *9 ("Under *Peabody*, King County has an interest in this lawsuit."). Notably, the court in *Linehan* distinguished a different Ninth Circuit case, *In re County of Orange*, 262 F.3d 1014 (9th Cir. 2021), explaining that, "in *Orange*, there was no risk that any rule or practice established by the entities would be impacted." *Id.* (citing *Orange*, 262 F.3d at 1022–23).

---

[3] In *Tinoco*, the court ultimately held that the third-party did not claim an interest in the litigation because there was "no evidence that any rule or ordinance ... would need to be invalidated or modified if Plaintiffs succeed." 327 F.R.D. at 659.

[4] At the hearing on September 5, 2024, Plaintiffs' counsel stated: "And in *Peabody*, which is the case they cite in their reply brief, the Secretary of the Interior submitted a declaration in the district court making clear that the disputed provision was included in there at their insistence." Dkt. 176, Tr. at 7:16–19. In fact, however, the current Secretary of the Interior did not submit anything in *Peabody*. *See Linehan*, 2016 WL 4765839, at *9; *Tinoco*, 327 F.R.D. at 659.

Other courts within the Ninth Circuit have reached the same conclusion, holding that, in circumstances like those in *Peabody*, where the court's decision could result in the invalidation or modification of a non-parties' rule or regulation, public entities claim an interest in litigation without needing to expressly convey that interest to the court. *See, e.g.*, *Cal. Dump Truck Owners Ass'n v. Nichols*, 924 F. Supp. 2d 1126, 1147–48 (E.D. Cal. 2012) (holding that the EPA claimed an interest in a case where a decision invalidating a Regulation "would necessarily upset the EPA's final decision approving the Regulation"); *Garay v. City of Las Vegas*, No. 2:20-cv-119-ART-EJY, 2023 WL 2414510, at *4 (D. Nev. Mar. 7, 2023) (holding that ICE claimed an interest in a case where the "Plaintiffs[] challenge the legal validity and effect of ICE detainers and administrative warrants"); *Kizer v. PTP, Inc.*, 129 F. Supp. 3d 1000, 1004–05, 1010 (D. Nev. Sept. 3, 2015) (holding that the BIA claimed an interest in an action for declaratory relief as to whether a lease agreement violated federal law governing trust lands and seeking to quiet title "[b]ecause th[e] lawsuit seeks to invalidate a lease that the BIA previously approved").

Here, like the public entities in the cases cited above, the Arizona Attorney General and the State of Arizona claim an interest in the subject matter of this litigation. Even putting the Arizona Attorney General's express letter to the side, Plaintiffs' lawsuit challenges the legal validity of the Arizona Attorney General's subpoenas and Arizona court orders and seeks a holding that they are invalid. *See* Dkt. 168 at 13, 20–21. It also seeks to hold the MTB Defendants liable for responding to the subpoenas and complying with the court orders, contradicting Arizona law precluding such liability. *See id.* at 20–21; A.R.S. § 13-2315(A) (providing that if "the request is made in order to investigate racketeering ... or a violation of § 13-2312," the furnisher has no civil or criminal liability "in any action brought alleging violation of the confidentiality of such records"). The Arizona Attorney General and the State of Arizona thus have "an interest in [this] lawsuit"—and "qualif[y] as [] person[s] to be joined under Rule 19(a)(1)(B)"—because the litigation "could result in the invalidation" of the subpoenas and nullify Arizona law. *Peabody*, 610 F.3d at 1082.

### C. Complete Relief Cannot Be Accorded In The Absence Of The Arizona Attorney General And The State Of Arizona Under Rule 19(a)(1)(A).

In addition to the above, the Arizona Attorney General and the State of Arizona are also required parties because, "in [their] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see Bowen*, 172 F.3d at 688 ("Fed. R. Civ. P. 19(a)[(1)] provides that a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence, *or* (2) when the absent party claims a legally protected interest in the action." (emphasis added)). Under Rule 19(a)(1)(A), there is no requirement that the absent party claim an interest.

Here, as the MTB Defendants explained in their briefing, even if the Court were to order the Plaintiffs' requested relief, the Arizona Attorney General or the State of Arizona could still seek to issue future subpoenas or to enforce pending subpoenas. The Arizona Attorney General and the State of Arizona would not be bound by this Court's order, as Plaintiffs acknowledge. Dkt. 168 at 13. The MTB Defendants would then "be between the proverbial rock and a hard place—comply with [an] injunction prohibiting" them from complying with the Arizona Attorney General's subpoenas, or comply with the subpoenas notwithstanding the Court's ruling. *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1156 (9th Cir. 2002). If the MTB Defendants were to abide by the subpoenas, Plaintiffs "would not be accorded complete relief." *Id.*; *see* Dkt. 157 at 8–9.

### III. CONCLUSION

For the foregoing reasons, and those stated in the MTB Defendants' Memorandum of Points and Authorities (Dkt. 157) and Reply (Dkt. 173), this Court should grant the MTB Defendants' Rule 12(b)(7) Motion to Dismiss.

Dated: September 26, 2024

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:      */s/ Robert L. Wallan*
ROBERT L. WALLAN
NATHAN M. SPATZ
CHRISTOPHER M. BUTLER

Attorneys for Defendant CONTINENTAL EXCHANGE SOLUTIONS, INC., d/b/a RIA FINANCIAL SERVICES AND AFEX MONEY EXPRESS

SIDLEY AUSTIN LLP

*/s/ Hille R. Sheppard*
SHEILA A.G. ARMBRUST
HILLE R. SHEPPARD (pro hac vice)
STEPHEN CHANG

Attorneys for Defendant
WESTERN UNION FINANCIAL SERVICES, INC.

KAUFMAN DOLOWICH, LLP

*/s/ Katherine Alphonso*
TAD A. DEVLIN
MARCUS DONG
KATHERINE ALPHONSO

Attorneys for Defendant
DOLEX DOLLAR EXPRESS, INC.