Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Yaman Salahi (SBN 288752)
ysalahi@edelson.com
J. Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Sejal Zota (*pro hac vice*)
sejal@justfutureslaw.org
Dinesh McCoy (*pro hac vice*)
dinesh@justfutureslaw.org
Daniel Werner (SBN 322310)
daniel@justfutureslaw.org
JUST FUTURES LAW
95 Washington Street, Suite 104-149
Canton, MA 02021
Tel: 617.812.2822

Natasha Fernández-Silber (*pro hac vice*)
nfernandezsilber@edelson.com
Julian Zhu (SBN 342744)
jzhu@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the proposed Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| NELSON SEQUEIRA, ISMAEL CORDERO, MARIA HERNANDEZ, and JOSE ANTONIO MANJARREZ, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; WESTERN UNION FINANCIAL SERVICES, INC., a Colorado corporation; CONTINENTAL EXCHANGE SOLUTIONS, INC., a Kansas corporation, d/b/a RIA FINANCIAL SERVICES and AFEX MONEY EXPRESS; and DOLEX DOLLAR EXPRESS, INC., a Texas corporation,<br><br>    *Defendants*. | Case No. 4:22-cv-07996-HSG<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE: MONEY TRANSFER BUSINESS DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

Before the Money Transfer Business (MTB) Defendants can rely on the provisions of Rule 19(a)(1)(B)(i)-(ii), the absent party is required to affirmatively identify a cognizable legal interest relating to the action.  *See Assoc. to Protect Hammersley, Eld, and Totten Inlets v. Taylor Resources, Inc.*, 299 F.3d 1007, 1015 (9th Cir. 2002) (Rule 19(a)(1)(B)'s provisions "wholly inapplicable" where the absent party "does not claim an interest that will be impaired by this litigation"); *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) ("Joinder is contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action" (quotation and citation omitted, emphasis in original)).  Ninth Circuit precedent confirms that failure to make this threshold showing defeats any claim of failure to join a necessary party.  *See*, *e.g.*, *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1204 (9th Cir. 2020) ("The State of Alaska is not a necessary party here because it has not claimed any interest relating to the subject of this action . . . "); *Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) (citing *Bowen*, 172 F.3d at 689); *In re County of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001) ("Orange County cannot claim that the districts have a legally protected interest in the action unless the districts themselves claim that they have such an interest, and the districts have been silent."); *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043-44 (9th Cir. 1983) (United States "never asserted a formal interest in either the subject matter of this action or the action itself").[1]

On the afternoon of September 25, 2024—the day before this supplemental submission was due to the Court—the Arizona Attorney General ("AG") sent a letter to the Court purporting to express an interest in this litigation.  But that letter fails to move the needle for the MTB Defendants.

*First*, "[a] crucial premise of mandatory joinder . . . is that the absent [party] possess an interest in the pending litigation that is '**legally protected**.'"  *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California*, 547 F.3d 962, 970 (9th Cir. 2008) (emphasis added). The interest "must be . . . more than speculation about a future event." *Id.* (citations and quotations

---

[1] As noted by Plaintiffs' counsel at the September 5 hearing, in each of the Ninth Circuit cases relied upon by the MTB Defendants, the absent party had filed an affirmative expression of its legal interest in the subject matter of the litigation.  *See E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1075 (9th Cir. 2010) (Secretary of the Interior submitted declaration in district court); *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002) (Navajo Nation submitted amicus brief claiming interest); *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1497 (9th Cir. 1991) (same re: Quinault Nation).

1  omitted). The AG's letter focuses not on a legally protected interest, but general policy interests,

2  which do not qualify under Rule 19. The sole concrete interest that the AG identifies in her letter is

3  "my ability to issue and enforce the subpoenas and obtain the requested transactional records which

4  are at the crux of the present matter before your Honor." *See* ECF 181 at 2. However, nothing in this

5  case could affect the AG's ability to issue or enforce any subpoenas, as Plaintiffs do not seek any

6  relief that would preclude the AG from issuing an administrative subpoena under A.R.S. § 13-

7  2315(a), or from following the procedures in A.R.S. § 13-2315(b) to enforce them.

8        The AG also discusses an interest in "obtaining" the records, but that begs the question: the

9  AG only has a *legally protected* interest in obtaining records if the subpoenas are properly authorized.

10 These subpoenas are not, however, given the Arizona Court of Appeal's holding in *State ex rel.*

11 *Goddard v. W. Union Fin. Servs., Inc.*, 216 Ariz. 361 (Ct. App. 2007).[2] The AG cannot have a

12 legally protected interest in obtaining records with no reasonable connection to conduct indictable in

13 Arizona. *See Goddard*, 216 Ariz. at 364, 368-72. The demands here are facially overbroad: they

14 seek records regarding money transactions *that have not even occurred yet* initiated by millions of

15 people from anywhere in several states to anywhere in Mexico. Indeed, per the AG's letter and

16 Strategy Memo, the subpoenas are "prospective," meaning they seek *future* records that do not even

17 exist at the time of the request. *See*, *e.g.*, ECF No. 162, Ex. 1 (Arizona demand to DolEx dated June

18 18, 2022, requesting data for the time period of July 1, 2022 to June 30, 2023 be produced "on a bi-

19 weekly schedule or as soon as practicable").

20       Even assuming the AG has a legally protected interest in "obtaining" the records in question,

21 Plaintiffs' complaint does not seek any relief that would prohibit the MTB Defendants from

22 producing them. At most, the MTB Defendants might be required to take additional steps before

23 doing so, such as requiring customer notification. Given this reality, any concern about the Arizona

24 AG's ability to "obtain" the records in question is currently speculative, and "[s]peculation about the

25 occurrence of a future event ordinarily does not render all parties potentially affected by that future

26 event necessary or indispensable parties under Rule 19." *Northrop*, 705 F.2d at 1046; *accord Ward*,

27

28 [2] The Court must answer legal questions that are antecedent to resolving whether a party has a legally protected interest. *See*, *e.g.*, *Ward v. Apple, Inc.*, 791 F.3d 1041, 1053-55 (9th Cir. 2015), (analyzing contracts to determine whether they give rise to asserted interests), *abrogated in irrelevant part*, *Sperring v. LLR, Inc.*, 995 F.3d 680, 682 (9th Cir. 2021).

1    791 F.3d at 1053.  To the extent any extra procedures, like customer notification, might delay future
2    productions, an "interest of convenience" does not satisfy Rule 19's requirements, *see N. Alaska Env.*
3    *Ctr. v. Hodel*, 803 F.2d 466, 469 (9th Cir. 1986), and the subpoenas merely require production "as
4    soon as practicable."  ECF No. 162, Ex. 1.  Moreover, given that the subpoenas seek records about
5    *future* transactions, there is no reason why there would be a delay in production if consumer notice is
6    provided before a transaction, for example.  In any case, Plaintiffs have already stated that, if
7    necessary to pursue their damages and restitution claims, they are willing to waive any request for
8    equitable relief that would implicate any protected legal interest of the Arizona AG, if the Court were
9    to conclude that such interest renders the AG both a necessary and indispensable party.[3]

10        *Second*, even assuming the Arizona AG has now identified a cognizable interest, "[a]n absent
11   party with an interest in the action is not a necessary party under Rule 19(a) 'if the absent party is
12   adequately represented in the suit.'"  *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d
13   1176, 1180 (9th Cir. 2012).  Here, the MTB Defendants can adequately represent Arizona's interests,
14   given their vociferous defense of the Arizona AG's subpoenas thus far, their asserted belief that the
15   subpoenas offer them a defense from Plaintiffs' claims, and the alignment of their legal interests in
16   this case with the Arizona AG's.  *See*, *e.g.*, *id.*; *accord Bombardier Inc. v. Mitsubishi Aircraft Corp.*,
17   331 F.R.D. 427, 430-31 (W.D. Wash. 2019).  Further, if the Court rejects the Federal Defendants'
18   motion to dismiss the Right to Financial Privacy Act claim, then the Federal Defendants can also be
19   expected to adequately represent the State of Arizona's interests given their participation in TRAC
20   with the Arizona AG (which the AG's letter confirms), and their apparent interest in continuing the
21   program.  *See* SAC ¶¶ 38-47.  *See Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154
22   (9th Cir. 1998) (United States could adequately represent interests of an Indian tribe because they
23   "share[d] a strong interest in defeating [the] suit on the merits and ensuring that the [challenged
24   government project] is available for use").  There is no reason that the MTB and Federal Defendants
25   cannot adequately advance the Arizona AG's arguments on the validity of its subpoenas (such as

---

[3] Not all data productions challenged in this case were made pursuant to administrative subpoenas from the Arizona AG.  Many were made by requests from the U.S. Department of Homeland Security.  *See* SAC ¶¶ 34, 39-41, 44-45.  No defendant has suggested that Rule 19 requires dismissal of the claims premised on those disclosures.  *See Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1068 (9th Cir. 2010) (confirming an absent party "may be necessary as to some claims and not others").

those included in the "Strategy Memo" attached to the letter submitted by the AG, *see* ECF 181 at 6-11), as they already have.  Moreover, "[t]here is no reason to believe that [the MTB Defendants or Federal Defendants] [will] not make all of the arguments that would have been made by [Arizona], or that [Arizona] 'would offer any necessary element to the proceedings that the present parties would neglect.'"  *Lyon*, 626 F.3d at 1071.

*Finally*, as noted at the hearing, the MTB Defendants have not demonstrated that dismissal is the only or most appropriate remedy at this time, even if they could make the other requisite showings.  *See* Fed. R. Civ. P. 19(b)(2) (noting that, if a required party cannot be joined, the court, before dismissing, must consider "the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures"); *see also Northrop*, 705 F.2d at 1046 (holding that "if Northrop eventually succeeds on any or all of its claims . . . we believe that adequate relief could be shaped that would neither impair a significant Government interest nor subject [the defendant] to any greater inconsistent obligation than it freely assumed"); *Makah Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir. 1990) (noting that "[t]he Supreme Court has encouraged shaping relief to avoid dismissal").  Additionally, the Court's decision could be deferred until there is more clarity about the potential scope of any remedies in this case and of the relationships between the various MTB Defendants and TRAC participants like the Federal Defendants and State of Arizona.  *See* Fed. R. Civ. P. 12(h)(2) ("Failure . . . to join a person required by Rule 19(b) . . . may be raised . . . at trial."); Fed. R. Civ. P. 12(i) (noting that the Court may "defer[] until trial" decision on 12(b)(7) motion).

In light of the foregoing, Plaintiffs respectfully request that the Court deny Defendants' motions to dismiss in full, including their motion to dismiss pursuant to Rule 12(b)(7) and Rule 19.[4]

Dated: September 26, 2024          By:     */s/ Yaman Salahi*
                                                   Rafey S. Balabanian (SBN 315962)
                                                   rbalabanian@edelson.com
                                                   Yaman Salahi (SBN 288752)
                                                   ysalahi@edelson.com

---

[4] Should the Court conclude that any absent parties are necessary and indispensable parties, and that dismissal is required in their absence, Plaintiffs respectfully request an opportunity to file a motion for leave to file an amended complaint attempting to state a claim against such absent parties and/or their adequate representatives.

J. Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Julian Zhu (SBN 342744)
jzhu@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Sejal Zota (*pro hac vice*)
sejal@justfutureslaw.org
Dinesh McCoy (*pro hac vice*)
dinesh@justfutureslaw.org
Daniel Werner (SBN 322310)
daniel@justfutureslaw.org
JUST FUTURES LAW
95 Washington Street, Suite 104-149
Canton, MA 02021
Tel: 617.812.2822

*Attorneys for Individual and Representative Plaintiffs Nelson Sequeira and Ismael Cordero*